UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANDREW ELLIOTT,                )
                               )
            Plaintiff,         )
                               )
      v.                       )     No. 4:06-CV-1382-CDP
                               )
PERSHING ELEMENTARY,           )
                               )
            Defendant.         )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Andrew Elliott for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co. v. United States</u>, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendant Pershing Elementary for the violation of his Thirteenth, Fourteenth, and Sixteenth Amendment rights.  As such, the Court will liberally construe this action as having been brought pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that when he was eight years old,[1] "Pershing Elementary School failed to get [his] teeth fixed permanently." He claims that defendant was "responsible for [his] teeth getting repaired for the rest of [his] life" and that he is "tired of going to the dentist for the same problem."

Having carefully reviewed the complaint, the Court concludes that plaintiff's allegations do not rise to the level of a constitutional violation. As such, the complaint will be dismissed, without prejudice, as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

---

[1] It is unclear to the Court what plaintiff's present age is, and thus, whether his claims are barred by the five-year statute of limitations. See Lohman v. Kempker, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983).

3

An appropriate order shall accompany this order and memorandum.

Dated this 5th day of December, 2006.

												_____
												**UNITED STATES DISTRICT JUDGE**